

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Patricia McLane*
*Assistant United States Attorney*
*Patricia.McLane@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4942*
*MAIN: 410-209-4800*
*FAX: 410-962-0717*

July 18, 2023

Hon. Ellen L. Hollander
Senior United States District Judge
101 W. Lombard Street
Baltimore, Maryland 21201

      Re:    <u>United States v. Michael Brandon</u>,
              Criminal No. ELH- 22-0239

Dear Judge Hollander:

      We write briefly to respond to Defendant Michael Brandon's letter addressing *United States v. Brooks*, Crim. No. TDC-22-0428, 2023 WL 4157341 (D. Md. June 23, 2023). *Brooks* was wrongly decided, and its facts are easily distinguishable from Brandon's case. This Court should decline to follow it.[1]

      First, Judge Chuang wrongly concluded that *Frank Johnson* conflicts with *Baez*. *See Brooks*, 2023 WL 4157341, at *7. They do not conflict. *Frank Johnson* involved South Carolina's tint statute, which imposed domicile or timing requirements before an officer could develop reasonable suspicion. Out-of-state plates are not relevant to South Carolina's domicile and timing inquiries. In contrast, *Baez* involved Maryland's statute, which has no domicile or timing requirements. Thus, under *Baez*, out-of-state plates do not preclude Maryland officers from investigating Maryland's sole inquiry, where a car is actually registered.

      Second, Judge Chuang misapplied the good faith standard. Judge Chuang suggested that precedent must be undisputed and binding to reasonably rely on it. *See Brooks*, 2023 WL 4157341, at *9. But that is too rigid. Good faith considers whether an officer "would have known that a search was illegal in light of *all of the circumstances*." *United States v. Stephens*, 764 F.3d 327, 337 (4th Cir. 2014) (emphasis added). *Davis*'s specific circumstance involved binding appellate precedent. *See Davis v. United States*, 564 U.S. 229, 232 (2011). But by no means is *Davis* the exclusive circumstance. As the Fourth Circuit has counseled, *Davis* should not be narrowly interpreted to ignore "nonbinding precedent, no matter how extensive and well-developed that precedent may be." *Stephens*, 764 F.3d at 337.

      In Brandon's case, Officer Stewart's actions were objectively reasonable given the legal decisions available to him at the time. In May 2022: (1) *Baez* said it was okay to stop cars with out-of-state tags for Maryland tint violations; (2) although *Frank Johnson* existed, it involved a

---

[1] For brevity, we limit our discussion here to three core issues. However, we are happy to address all concerns during the motions hearing.

different statute with different requirements; and (3) a federal court—Judge Grimm in *Devonta Johnson*—said it was okay to follow *Baez* despite *Frank Johnson*. No case questioned these conclusions until Judge Chuang's decision in *Brooks*, over a year after Officer Stewart acted. Even if this Court disagrees with Judge Grimm, "[p]enalizing the officer for the [court]'s error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." *United States v. Leon*, 468 U.S. 897, 920–21 (1984).

Finally, Brandon's case is materially distinguishable from *Brooks*. Judge Chuang took issue with several other ways that Brooks's stop purportedly did not comport with Maryland's statute. For example, Brooks was not operating his vehicle, Brooks was not on a public road, and officers had not seen Brooks's license plate. *See Brooks*, 2023 WL 4157341 at *6–9. In contrast, Brandon's circumstances conform more closely with the statute. He was operating his car, he was on a public road, and Officer Stewart saw the Pennsylvania dealer tags before effectuating the stop. In addition, because Brooks acquiesced right away, all contraband flowed from the tint violation. *See id.* at *3. In contrast, Brandon's contraband flowed from an intervening illegal act. After the stop, Brandon put his car in drive and dragged Officer Stewart several hundred feet. "If a suspect's response to an illegal stop is itself a new, distinct crime, then the police constitutionally may arrest the suspect for that crime." *United States v. Sprinkle*, 106 F.3d 613, 619 (4th Cir. 1997) (citation, alterations, and internal quotation marks omitted).

Given these issues, among others, this Court should decline to follow *Brooks*.

We are available if the Court has any additional questions, and we thank the Court for its consideration of this response.

Very truly yours,

Erek L. Barron
United States Attorney

/s/
Patricia McLane
Brandon Moore
Assistant United States Attorneys

Jonathan Tsuei
Special Assistant United States Attorney

cc: All counsel of record via CM/ECF