

U.S. Department of Justice

*United States Attorney*
*District of Maryland*

*Patricia McLane*     *36 S. Charles Street*     DIRECT: 410-209-4942
*Assistant United States Attorney*     *Suite 400*     MAIN: 410-209-4800
*Patricia.McLane@usdoj.gov*     *Baltimore, MD 21201-3119*     FAX: 410-962-3124

July 17, 2024

The Honorable Ellen L. Hollander
United States District Judge
101 W. Lombard Street
Baltimore, Maryland 21201

      Re:     Sentencing in *United States v. Michael Brandon*
                   <u>Criminal No. ELH-22-239</u>

Dear Judge Hollander:

      The Defendant, Michael Brandon, is scheduled for sentencing on August 1, 2024, at 10:00 a.m. As explained below, a sentence of **120 months' imprisonment**, is sufficient, but not greater than necessary, to comply with the goals of sentencing set forth in 18 U.S.C. § 3553(a).

      **I.**     **Factual Background**

      The Court is very familiar with the facts of this case having sat through a multi-day suppression hearing in 2023. The Government incorporates the facts in the Presentence Investigation Report ("PSR") and the statement of facts filed in support of the Defendant's plea agreement. ECF Nos. 119 and 109.

      However, some facts should be emphasized as this is not a simple gun and drug possession case. The Defendant did not just possess a firearm; he possessed a machine gun. The gun wasn't just loaded; the Defendant possessed 66 rounds of ammunition. The Defendant did not just possess controlled substances; he possessed almost 200 grams of cocaine base for distribution. And the Defendant did not just run from police to avoid arrest. The Defendant dragged Officer Stewart blocks before hitting a pole causing the officer to hit his head and suffer a concussion. The Defendant did not just put Officer Stewart's life in danger; he also hit a parked car with three people seated inside before coming to a stop.

      The Defendant had complete lack of concern for the life of others both in the type of firearm and amount of drugs possessed, as well as in the way he refused to submit to a lawful arrest. The Defendant must serve a long sentence to protect the citizens of Baltimore City. Further, this lengthy sentence will send a message to others that if you carry a machine gun and 66 rounds of ammunition, it is clearly with the intent to kill, and will be punished accordingly.

      **II. Sentencing Guidelines and Criminal History Calculation**

The Government agrees with the Guidelines calculations set forth in the PSR. ECF No. 119 at ¶ 28. The Guidelines mirror those set out in the plea agreement which include a six-level enhancement pursuant to USSG § 3A1.2(c)(1), because the defendant assaulted another in a way that caused substantial risk of serious bodily injury (PSR at ¶ 24) and a two-level increase pursuant to USSG § 3C1.2 because the defendant created a substantial risk of serious bodily injury to another person in the course of fleeing from a law enforcement officer (PSR at ¶ 26). Further, like in the plea agreement, the Guidelines do not include an additional one-level reduction for the Defendant's acceptance of responsibility based on the extent of the motions practice in which the parties engaged. *Id.* at ¶ 27.

The PSR determines the base offense level as 28, which the parties did not include in the agreement.[1] *Id.* at ¶ 22. The PSR calculated the amount of drugs the Defendant possessed (196.93 grams) pursuant to the statement of facts, and applied United States Sentencing Guidelines Section 2D1.1(a)(5) and (c)(6). This determination is inherent because the Defendant pled to possession of a firearm in furtherance of a drug trafficking crime, admitting to the elements of that crime which include the underlying facts supporting the predicate offense of drug trafficking. *See* ECF No. 109, at p. 1-2; Attachment A.

The Government agrees with the Defendant's criminal history in the PSR. *Id.* at ¶ 37. Accordingly, with a total adjusted offense level of 34 and a criminal history category of II, the advisory sentencing guidelines range is 168-210 months.

### III. Analysis of the Factors Set Forth in 18 U.S.C. § 3553(a)

The Government believes that a downward variant sentence of 120 months' incarceration, is sufficient, but not greater than necessary, to accomplish the goals of the Sentencing Reform Act.

#### a. Nature, Circumstances, and Seriousness of the Offense

The seriousness of this crime cannot be over emphasized. The Defendant committed three separate criminal acts. He possessed a machine gun. He possessed 196 grams of crack with the intent to distribute. He put Officer Stewart and three other lives in danger.

It is hard to imagine any mitigation for the Defendant's actions. There is no excuse to carry a machine gun, which is designed to automatically shoot multiple rounds.[2] This is not a firearm possessed for personal safety or hunting; nor is it a collector's item. Rather, the Defendant possessed a killing machine. His intent is further evidenced by his possession of 66 rounds of

---

[1] The Court addressed the lack of base offense level at the re-arraignment hearing on April 24, 2024. The Government acknowledged that the Court is obligated to calculate the Guidelines correctly, but that considering the variant sentencing range in the plea agreement, the Guidelines were not controlling in this case.

[2] A machinegun conversion device, sometimes referred to as a "switch" or an "auto sear," is designed and intended for use in converting a semiautomatic handgun into a fully automatic firearm, allowing the operator to continuously chamber and fire rounds with a single trigger pull.

ammunition. That is 66 lives that could have been lost had the Defendant decided to unleash the machine gun on the streets of Baltimore City.

Further, when confronted with arrest, the Defendant chose not only to flee, but do so in a manner which caused grave injury to Officer Stewart and others. And the "others" in this case are not merely illustrative of a possible danger; rather, the others in this case were three individuals seated in a vehicle legally parked on the street that the Defendant recklessly barreled down with Officer Stewart desperately clinging to him to save his life.

Officer Stewart did survive the ordeal, but not without consequences. He suffered a severe concussion and was on medical leave for approximately 30 days. But the trauma of this encounter continues to haunt him.

### b. History and Characteristics of the Offender, Deterrence, and Public Protection

The Defendant's danger to the community is not evidenced by just this conviction. It is also evidenced in the Defendant's complete disregard for the criminal justice system. The Defendant committed the exact same crime on May 11, 2021. *See* PSR at ¶ 33. There, he was convicted of possession with intent to distribute, but according to the statement of facts, the Defendant possessed a firearm. Not only that, but it was a firearm with a loaded high-capacity magazine, indicating more than an intent to just protect himself or his product. And the Defendant recklessly fled from police during the arrest. *Id.*

Further, the Defendant is not a stranger to losing loved ones to violence. *See id.* at ¶ 47. Yet despite losing over 20 friends to drug overdoses and gun violence, the Defendant chose to possess a killing machine, 66 rounds of ammunition, and enough crack cocaine to supply numerous victims of addiction. The Defendant has clearly turned his pain into profit.

The Defendant learned nothing from his May 2021 arrest. Rather, he upped his game by possessing a machine gun and putting actual lives in danger. The escalation of the Defendant's behavior is alarming. A lengthy sentence is needed to protect the public. The Defendant was on probation for the May 2021 conviction at the time of this incident. A lengthy sentence will provide a more structured environment for the Defendant to complete his education, receive job training, and attend other programs designed for rehabilitation.

Despite the Guidelines, past criminal conduct, and heinous nature of the crime, the Government believes a downward variant sentence is appropriate in this case pursuant to the plea agreement as it is a substantial sentence for an individual who is young and received little time for his prior conviction. Therefore, the Government believes this sentence is necessary to protect the public and adequately deter the Defendant from further criminal conduct.

### IV.   Conclusion

Based on the foregoing, the United States respectfully submits that a sentence of **120 months' imprisonment**, is fair, reasonable, and not greater than necessary.

Respectfully Submitted,

Erek L. Barron
United States Attorney

/s/
_____

Patricia McLane
Jonathan Tsuei
Assistant United States Attorneys